*J. B. G. Logan, Sam. Jolly,* and *Jere S. Ayers,* for defendants.

---

## SWORD *v.* SWORD.

FISH, C. J. This is a suit for total divorce, brought by the wife, on the ground of cruel treatment. The allegations of the petition as to the ground of the action are in part as follows: " Your petitioner further shows that in January, 1920, defendant went away from home, leaving your petitioner ill in bed, and in a very precarious condition, leaving or sending her no money, and not providing her with medicine, food, medical care, or any attention whatsoever. Defendant, however, was permitted by petitioner to return to her after aforesaid act, but upon the express condition that he would not again treat her cruelly." Paragraph 4 alleges: " That sometime in June, 1920, said defendant went away from the home of petitioner and defendant, when petitioner was sick in bed from blood poisoning and very ill, leaving your petitioner without medicines, medical care, or any attention whatever, said defendant giving your petitioner no money, nor did he send petitioner any money, defendant in every way neglecting and deserting your petitioner while petitioner was in aforesaid condition." " Petitioner further shows that by reason of all of the aforesaid acts of cruel treatment, and especially on account of the aforesaid act of cruel treatment recited in paragraph four of this petition, your petitioner has refused to again live with the defendant as his wife, and defendant has not since some time in June, 1920, and since said last-stated act of cruel treatment been permitted to live with your petitioner as her husband." " Petitioner shows, that, on account of the aforesaid acts of cruel treatment by defendant towards your petitioner, the health of petitioner has been impaired," etc.

On the trial the testimony of the petitioner was exactly in accord with the allegations of the petition; and further, that when defendant left her sick in bed with blood poisoning, she was compelled to call on

her father and mother to furnish her medical attention, food, clothing, and lodging, and that she had not lived with defendant since he left her in June, 1920, because she feared for her health and life from a repetition of such cruelty, which had already impaired her health by producing a serious nervous condition requiring medicine and the services of a physician. Her testimony was fully corroborated by that of her father. There was no appearance by the defendant. The court granted a nonsuit, and petitioner excepted. *Held*, that a prima facie case of cruel treatment (that is, " the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb or health ") was made against the defendant by the petition and the evidence in support thereof, sufficient to carry the case to the jury; and the grant of a nonsuit was therefore error.                    *Judgment reversed. All the Justices concur.*

No. 2751. MAY 16, 1922.

Libel for divorce.  Before Judge Malcolm D. Jones.  Bibb superior court.  July 18, 1921.

*C. Mortimer Mason,* for plaintiff in error.